**NOT FOR PUBLICATION**

JAN 26 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FEMI ABATAN, | No. 13-74055 |
| Petitioner, | Agency No. A078-760-077 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Femi Abatan, a native and citizen of Nigeria, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's order denying his motion to reopen removal proceedings.  We

have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen, and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion by denying as untimely Abatan's motion to reopen on the basis of ineffective assistance of counsel, where he filed the motion approximately eight years after his final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and failed to demonstrate the due diligence necessary to warrant equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 677 (9th Cir. 2011) (equitable tolling is available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud or error") (internal quotation marks and citation omitted).

The BIA did not abuse its discretion by denying Abatan's motion to reopen on the basis of changed country conditions, where Abatan's new evidence still failed to establish prima facie eligibility for relief. *See Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (evidence must demonstrate prima facie eligibility for relief warranting reopening based on changed country conditions).

Abatan's due process claim therefore fails because he has not shown error. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process

challenge, an alien must show error and prejudice).

**PETITION FOR REVIEW DENIED.**